UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES M., REPRESENTATIVE OF ERIC J.
M.'S ESTATE,

                Plaintiff,

v.                                     **DECISION AND ORDER**

                                                       19-CV-1369S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## I.    Introduction

Before this Court is the application of Plaintiff James M.[1] (Docket No. 24) to recover his attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), following remand of his late brother's claim to the Social Security Administration, James M. v. Comm'r, No. 19CV1369, 2020 WL 7121462 (W.D.N.Y. Dec. 4, 2020) (Skretny, J.) (Docket No. 22, Decision and Order of Dec. 4, 2020). Familiarity with that Decision is presumed, as well as a prior review of the late Claimant's claim, Eric [M.] v. Colvin, No. 14CV828, 2017 WL 2713727 (W.D.N.Y. June. 24, 2017) (Telesca, J.).

Plaintiff first sought $9,504.77 plus $400 in costs (Docket No. 24). At a claimed attorneys' fee rate of $210.00 per hour, Plaintiff's counsel worked a total of 45.78 hours over three years, for that total of $9,504.77 in fees (id., Pl. Memo. at 5).

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff and Claimant by their first names and last initials.

Defendant Commissioner objects to the amount claimed by Plaintiff's counsel, arguing that the hours claimed for reviewing the record are excessive and should be reduced (Docket No. 25).  Since this claim was from a prior remand, Eric [M.], supra, 2017 WL 2713727, and the same firm represented Claimant, Commissioner argues that the present EAJA fee claim is unreasonable and duplicative due to the time reviewing the administrative record in this case (id., Def. Memo. at 3-5).  Commissioner proposes that the fee be reduced to $7,254.51, accepting only 20 hours of Plaintiff's counsel's time expended for review of the record in this case (id. at 5).

In his reply, in addition to rejecting the duplication argument, Plaintiff also seeks the attorneys' fees incurred in filing this application and replying to the Commissioner's objection of $798.00 (for 3.8 hours expended at $210 per hour), or for a total award of $10,302.77 (Docket No. 27, Pl. Reply at 4; id., Pl. Atty. Decl.)

## II.   Discussion

### A.  Applicable Standards

The Equal Access to Justice Act authorizes this Court to award the

> "prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . ., incurred by that party in any civil action [except a tort action], including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust,"

28 U.S.C. § 2412(d)(1)(A) (Docket No. 24, Pl. Memo. at 2; see Docket No. 27, Pl. Reply Memo. at 1).  The fees claimed must be reasonable, id. § 2412(d)(2)(A) (Docket No. 25, Def. Memo. at 2).  The burden is on Plaintiff to establish that the reasonableness of "each dollar, each hour, above zero," Mares v. Credit Bureau of Raton 801 F.2d 1197, 1210

(10th Cir. 1986) (id. at 3).  Plaintiff also needs to substantiate fees claimed, Comm'r, INS v. Jean, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

EAJA, however, is not an automatic fee shifting provision (Docket No. 25, Def. Memo. at 2).  The Commissioner has a role in protecting the public fisc from unreasonable EAJA billing, see Presley v. Shinseki, No. 12-1961-E, 2014 WL 2069643, at *2 (Vet. App. May 20, 2014) (id.), hence the Commissioner may object and point out when he believes the fee sought is unreasonable.  Ultimately, this Court assesses the reasonableness of the fees and enjoys discretion in this determination, Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Mares, supra, 801 F.2d at 1212 (id. at 3).

The EAJA also permits prevailing party from claiming the expenses for applying to recover the fee, Jean, supra 496 U.S. at 162 (Docket No. 24, Pl. Memo. at 5), including expenses in defending the EAJA application, Trichilo v. Secretary of Health & Human Servs., 823 F.2d 702, 708 (2d Cir. 1987) (where Government's position is found not to be substantially reasonable, the attorney's fees should include time spent litigating the fee) (Docket No. 27, Pl. Reply Memo. at 4).  The attorney's fees for litigating the EAJA application also must be reasonable to recover under 28 U.S.C. § 2412(d)(2)(A), Trichilo, supra, 823 F.2d at 708.

B.  Reasonable Fee for Representation to Filing EAJA Application

Preliminarily, there is no contention that the Commissioner's position opposing Plaintiff's claims was substantially justified or the award of any fees is unjust by some special circumstance, cf. 28 U.S.C. § 2412(d)(1)(A) (see also Docket No. 24, Pl. Memo. at 3-4).  It is also undisputed that Plaintiff is the prevailing party, cf. id. (see also id. at 2-3).  Plaintiff meeting the statutory asset test as a party (see id. at 3) and the

3

reasonableness of Plaintiff's claimed attorneys' fee rate of $210.00 per hour (see id. at 4) are not questioned.  Finally, the Commissioner does not object to the recovery of $400 in costs incurred.

The Commissioner's arguments are about the reasonableness of the time claimed by Plaintiff's counsel and thus the fee sought.

This Court agrees with Plaintiff that the fees sought are reasonable.  First, although this is the second judicial review of Claimant's claims, the record here is extensive.  The record constitutes almost 3,900 pages (see Docket No. 24, Pl. Atty. Decl. ¶ 3).  The Commissioner concedes that the record's size (Docket No. 25, Def. Memo. at 4) but argues that since the same firm represented Claimant and (Plaintiff as administrator of Claimant's estate) that the firm ought to have been familiar with the prior record despite using multiple attorneys on this claim, concluding duplication of effort (id.).

But three different attorneys in the Kenneth Hiller firm represented Claimant or Plaintiff:  Mr. Hiller himself in both actions, Timothy Hiller in the first action and Brandi Smith in the present case.  The Commissioner counters that the Government should not bear the additional costs for Plaintiff using different counsel in the same firm (Docket No. 25, Def. Memo. at 4-5, citing cases from other districts).  Plaintiff, however, is not seek to recoup based upon the number of attorneys from the Hiller firm to represent him or his late brother.  The claim in this case is based on the size of the enlarged administrative record.

Second, Plaintiff's counsel correctly notes that the record expanded from the first judicial review to the second (Docket No. 27, Pl. Reply Memo. at 3).  Judge Telesca's remand of Claimant's case, Eric [M.], supra, 2017 WL 2713727, at *4, was to have a

vocational expert consider Claimant's nonexertional impairments if the RFC finding on remand indicated that nonexertional impairments will have more than a negligible impact on Claimant's ability to work, James M., supra, 2020 WL 7121462, at *2.  The remand resulted in a second hearing, James M., supra, 2020 WL 7121462, at *2, creating a full, expanded record.

Plaintiff's counsel in this case thus was not merely reviewing the work of her colleague or the first case's record.  She was reviewing in essence two full records and that work was reasonable.  This Court thus concludes that an award to Plaintiff of $9,504.77 for fees incurred during this judicial review is reasonable.

### C.  Reasonableness of the Fee Application for Applying for EAJA Relief

Plaintiff replies that he should recover the attorneys' fees for filing the EAJA application and replying to the Commissioner's objection (Docket No. 27, Pl. Reply Memo. at 4).  Applying the rate of $210 per hour set forth in the original EAJA application and not objected to by the Commissioner, Plaintiff claims that his counsel expended a total of 3.8 hours reviewing the Commissioner's response and replying to it (Docket No. 27, Pl. Atty. Decl.)  The Commissioner did not seek to file a Sur-Reply or otherwise respond to the allegations in this Reply.

Upon this Court's review of the time claimed by Plaintiff's counsel, the time and thus the fee is reasonable.  Often, a Claimant's EAJA application is stipulated to by the Commissioner, sometimes with agreed upon reductions of the initial claimed amounts. Here, the Commissioner contested the reasonableness of Plaintiff's fees.  The Commissioner's position is not substantially reasonable to avoid the additional fees incurred in defending the EAJA application.  The time claimed by Plaintiff's counsel is

consistent with the time claimed in the original EAJA application for review of the Commissioner's briefing and drafting briefing for Plaintiff (cf. Docket No. 24, Pl. Atty. Decl. ¶ 3; Docket No. 27, Pl. Atty. Reply Decl. ¶ 3).

Plaintiff's fee application is thus reasonably increased to $10,302.77, to include the expenses of defending the EAJA application.

### III.   Conclusion

The total fees sought by Plaintiff are reasonable.  Plaintiff thus is entitled to recover $400 for costs and attorneys' fees totaling $10,302.77.

### IV.   Orders

IT HEREBY IS ORDERED, that Plaintiff's application (Docket No. 24) to recover Equal Access to Justice Act attorneys' fees is GRANTED, and his further motion (Docket No. 27, Pl. Reply at 4) to recover the attorneys' fees associated with recovery of these EAJA fees is GRANTED.

FURTHER, the Clerk of Court is DIRECTED to enter judgment for Plaintiff for a total of $10,320.77 in attorneys' fees and $400 in costs incurred.

SO ORDERED.


Dated:    April 20, 2021
          Buffalo, New York


                                                       s/William M. Skretny
                                                     WILLIAM M. SKRETNY
                                                    United States District Judge